**John DOE and Jane Doe, Plaintiffs–Appellants,**

v.

**AMERICAN MEDICAL SYSTEMS, INC., Defendant–Appellee.**

No. 02–7674.

United States Court of Appeals, Second Circuit.

April 30, 2004.

Sebastian Desantis, DeSantis, Sabilia & Waggoner, New London, CT, for Appellant.

Holly M. Polglase, Campbell, Campbell, Edwards & Conroy (Timothy M. Roche), Boston, MA, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and Lewis A. KAPLAN, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiffs-appellants Jane and John Doe appeal from the district court's grant of summary judgment to defendant-appellee American Medical Systems, Inc. ("AMS"), arguing that the district court erred by excluding the testimony of the plaintiffs' proposed expert witness, Dr. Barry Feinberg, and that, with such testimony, AMS's motion for summary judgment would have been denied. Dr. Feinberg's deposition testimony indicates that he would have testified that the AMS penile prosthesis implanted in John Doe was defectively manufactured. The district court determined, however, that Dr. Feinberg was not qualified to testify as an expert in this matter and that his methods were inherently unreliable.

The district court did not abuse its discretion in determining that Dr. Feinberg lacked the "knowledge, skill, experience, training, or education" needed to testify that the prosthesis implanted in John Doe was defective. Fed.R.Evid. 702. Although Dr. Feinberg has substantial engineering credentials, he is not an expert in penile implants or similar devices. His involvement with penile implants almost exclusively consists of his work as an expert witness. His formal medical training is limited to seminars addressing medical topics and three courses taken while pursuing his engineering doctorate.

Nor did the district court abuse its discretion in determining that Dr. Feinberg's methods were not "the product of reliable principles and methods." *Id.* Had he been allowed to testify, Dr. Feinberg would have stated that (1) the implant failed prematurely; (2) the failure was not caused by damage from a sharp surgical instrument; and (3) the prosthesis was defectively manufactured in that the tubing used in the device could not withstand "normal" forces. Dr. Feinberg reached these conclusions through examination and extrapolation unsupported by expert qualifications and by ignoring alternative explanations. For example, Dr. Feinberg presents little explanation for excluding undue stress on the prosthesis, perhaps caused by John Doe, as a potential cause of its failure. His conclusions are "connected to existing data only by ... [his own] *ipse dixit*" and are thus unreliable. *General Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.